**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4753**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT COSTNER,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (CR-04-328)

---

Submitted:  February 25, 2005          Decided:  March 17, 2005

---

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Frank W. Dunham, Jr., Federal Public Defender, Anne M. Chapman, Assistant Federal Public Defender, Meghan S. Skelton, Research and Writing Attorney, Alexandria, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Marc A. Bonora, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Costner was convicted by a magistrate judge, pursuant to 18 U.S.C. § 3401 (2000), of simple assault on a federal employee, in violation of 18 U.S.C. § 111 (2000). He received 24 months' probation. Costner appealed the magistrate judge's ruling to the district court pursuant to Fed. R. Crim. P. 58(g)(2). The district court affirmed. On appeal, Costner contends that there was insufficient evidence of force to sustain his conviction and that the district court employed the wrong standard of review on appeal. We affirm.

Under Fed. R. Crim. P. 58(g), on appeal from a conviction and/or sentence imposed by a magistrate judge, the "defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). In determining whether sufficient evidence supports a conviction, the appropriate inquiry is whether, taking the evidence in the light most favorable to the government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942). In bench trials, "the judge weighs the evidence, determines the credibility of the witnesses, and finds the facts . . . [and] may select among conflicting inferences to be drawn from the testimony." United States v. Bales, 813 F.2d 1289, 1293 (4th

Cir. 1987).  The standard of review for sufficiency of the evidence is de novo.  <u>See</u> <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

We have reviewed the parties' briefs, the district court's order, and the materials submitted in the joint appendix. We conclude that the district court did not employ the wrong standard of review and that sufficient evidence supports Costner's conviction.  Finding no reversible error, we affirm Costner's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>